UNITED STATES of America, Plaintiff–Appellee,

v.

**Dale Leo GLADUE, Defendant–Appellant.**

No. 05–30463.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Carl E. Rostad, USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Dale Leo Gladue appeals from the 70–month sentence imposed following his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); domestic abuse misdemeanant in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). We have jurisdiction pursuant to 28 U.S.C. 1291, and we vacate and remand.

Gladue contends that the district court procedurally erred by failing to adequately consider the 18 U.S.C. § 3553(a) factors. In particular, he contends that the district court failed to consider his mitigation arguments. Our review of the record discloses that the district court did not explain why it rejected Gladue's arguments in support of a lower sentence. We therefore conclude that the district court did not sufficiently explain its reasons for its imposition of the particular sentence. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc) (holding that the district court should normally explain why it rejects a defendant's specific argument tethered to a relevant § 3553(a) factor).

**SENTENCE VACATED AND RE-MANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.